UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH MORRIS

CIVIL ACTION

VERSUS

NO. 15–00562–SDD–RLB

BATON ROUGE CITY CONSTABLE'S OFFICE

**RULING**

On March 13, 2018, this Court entered a *Ruling* in which it granted in part and denied in part the Baton Rouge City Constable's Office's third *Motion for Summary Judgment*.[1] The Court dismissed all of Plaintiff's claims except for her Title VII and state law claims of co-worker sexual harassment hostile work environment.[2] The Court *sua sponte* ordered the "parties to provide supplemental memoranda, citing to record evidence, addressing whether Morris' co-worker sexual harassment hostile work environment claim should be dismissed on summary judgment grounds."[3] The parties have complied with the Court's order and for the following reasons, Morris' Title VII and state law co-worker sexual harassment hostile work environment claims shall be dismissed.

---

[1] Doc. 53.
[2] The Plaintiff's Title VII and state law claims of retaliation were dismissed without prejudice for failure to exhaust her administrative remedies. Plaintiff's sex (gender) discrimination claim and supervisor sexual harassment hostile work environment claim were dismissed with prejudice. Doc. 53.
[3] Doc. 53, p. 23.
Document Number: 46476

## I. FACTUAL BACKGROUND

The Court adopts and incorporates herein its factual background from its prior *Ruling* on Defendant's third *Motion for Summary Judgment*.[4]

## II. LAW AND ANALYSIS

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "An issue is material if its resolution could affect the outcome of the action."[6] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[7] "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[8] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[9] However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the

---

[4] Doc. 53, p. 1.
[5] Fed. R. Civ. P. 56(a).
[6] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).
[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[8] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986))).
[9] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[10]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[11] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[12] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[13] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[14]

B. Hostile Work Environment[15]

Title VII is not a "general civility code for the American workplace."[16] To prevail on a hostile work environment claim predicated on sexual harassment perpetrated by a co-worker, a Title VII plaintiff must prove the following five elements: (1) that she belongs to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the

---

[10] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
[11] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[12] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[13] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[14] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[15] Louisiana courts look to Title VII when interpreting hostile work environment claims. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 n. 4 (5th Cir. 2007). Therefore, the outcome of Morris' sexual harassment hostile work environment claims will be the same under both the federal and state statutes.
[16] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

harassment was based on sex; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action.[17]

Of these elements, Defendant argues that Morris can only satisfy the first element necessary to establish her sexual harassment hostile work environment claim.[18] Therefore, Defendant contends that Morris' claim must be dismissed.

The Court shall assume *arguendo* that Morris can satisfy her burden of showing that the she was subject to unwelcome harassment and that the harassment was based upon sex. Even so, the Court finds that Morris cannot demonstrate that the harassment affected a "term, condition, or privilege" of employment.

For harassment to affect a term, condition, or privilege of employment for purposes of Title VII, it must be "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment."[19] To determine whether the alleged harassment is sufficiently severe or pervasive, courts look at the totality of the circumstances including "the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance."[20] "To be actionable, the environment must be 'both objectively and subjectively offensive, one that both a reasonable person would find hostile or abusive,

---

[17] *Harvill v. Westward Commn's, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005); *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999); *Pfeil v. Intercom Telecomm*, 90 F. Supp. 2d 742, 748 (N.D. Tex. 2000).
[18] Defendant stipulated to the fact that Plaintiff is a member of a protected class. Doc. 54, p. 7, n. 26.
[19] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005)(quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).
[20] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Document Number: 46476

and one that the victim in fact did perceive to be so.'"[21]

"A recurring point in [Supreme Court] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"[22] This "sufficiently demanding" standard "ensure[s] that Title VII does not become a 'general civility code,'" by "filer[ing] out complaints attacking 'the ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes, and occasional teasing.'"[23] At the same time, "a regular pattern of frequent verbal ridicule or insults sustained over time can constitute severe or pervasive harassment sufficient to violate Title VII."[24]

In this case, Morris complains that her co-worker, Corporal Thomas Flynn ("Flynn"), "denied her coveted assignments" and raised his voice at her in a "disrespectful manner" that offended her on four occasions about routine matters.[25] Notably, Morris has only identified two specific occasions, February 20, 2013 and August 3, 2013, when she believed that Flynn spoke "very disrespectfully" to her.[26] On the first occasion, Morris claims that while she was attempting to offer advice to a co-worker who was operating the courthouse x-ray machine, Flynn shouted at her saying: "He got that! You just keep doing what you are doing! We don't have time for that!"[27] Following the incident, Morris

---

[21] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)(quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).
[22] *Faragher*, 524 U.S. at 778 (citation omitted).
[23] *Id.* (citation omitted).
[24] *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 400 (5th Cir. 2007).
[25] Doc. 44-4, p. 4; Doc. 41-11, pp. 4-5; Doc. 55, p. 5. In her Letter of Complaint dated February 22, 2013, Morris stated that Flynn "raised his voice at [her] in a disrespectful manner" in front of others on at least three occasions. In Morris' Grievance Letter dated August 16, 2013, she complained of Flynn's use of a loud and disrespectful tone towards her on August 13, 2013. Doc. 41-11, pp. 1-2.
[26] Doc. 41-11, pp. 1-2; and 4-5.
[27] Doc. 41-11, p. 4. (Morris stated that she was attempting to tell Deputy Tate "to have visitors place [ ] metal objects on the X-Ray machine.").

told Flynn she would like to speak with him privately.[28] In response, Flynn told her: "No, I don't want to speak with you privately! You can talk to Lieutenant Scott if you like!"[29] On the second occasion, Morris contends that Flynn told her in a loud and disrespectful tone: "You! Go to lunch now!"[30] In addition to these comments, Morris also complains that her colleagues made jokes about her appearance, even commenting that she looked like a "Tasmanian Devil."[31] One of her co-workers, Deputy Mark Hinson ("Hinson") testified that Morris' colleagues would tease her about her uniform, hair, and appearance.[32] Hinson also testified that Morris' colleagues told her she looked like a Tasmanian devil because she had dyed her hair and "it came out redder than she wanted."[33]

Having examined all of the summary judgment evidence in the light most favorable to Morris, and having drawn all reasonable inferences in her favor, the Court concludes Morris has failed to present a genuine dispute of material fact that her co-workers' conduct was so severe or pervasive to have affected a "term, condition, or privilege" of her employment. Initially the Court finds that the evidence relied upon by Morris to show that Flynn denied her "coveted assignments" does not support her position.[34] Rather, the evidence she relies upon to support this contention actually relates to her supervisor, Sergeant Alvin Jackson; therefore, Morris' claim lacks merit on this ground.

---

[28] Doc. 41-11, p. 4.
[29] Doc. 41-11, p. 4.
[30] Doc. 41-11, p. 2.
[31] Doc. 44-4, p. 4.
[32] Doc. 44-3, p. 42.
[33] Doc. 44-3, p. 43.
[34] Doc. 55-5, p. 5, n. 31. (e.g., Morris' testimony about Jackson refusing to let her work school detail).

As for Flynn's "disrespectful" or "loud" comments, the Court finds they amount to nothing more than offhand comments and isolated incidents that will not support a hostile work environment claim.[35] Even considering all four of Flynn's comments—the two unknown/undated "disrespectful" comments and the February and August 2013 comments—four rude comments over a three year period are too infrequent to satisfy the pervasiveness factor; rather, such isolated incidents lack the severity to support Morris' hostile work environment claim.

With respect to Morris' colleagues teasing about her appearance, she has offered no evidence identifying who actually made these statements, the frequency of the statements, and, with the exception of being called a "Tasmanian Devil," she has offered no evidence showing what was actually said to her by her co-workers. Putting those concerns aside, the Court finds that while the remarks made by Morris' unknown co-workers may have been rude, the comments are not as severe as those that the Fifth Circuit has held to be insufficient to support a hostile work environment claim. For instance, in *Shepherd v. Comptroller of Pub. Accounts of State of Tex.*, the Fifth Circuit found that comments such as "your elbows are the same color as your nipples," "you have big thighs," and "here's your seat" accompanied by patting of the lap that occurred over a two year period, were not actionable to support a sexual harassment hostile work environment claim.[36] Furthermore, Morris has failed to offer or direct the Court's attention to any evidence showing how her co-workers' conduct unreasonably interfered with her work performance. Accordingly, the Court finds that the comments made by Morris' co-

---

[35] *Faragher*, 524 U.S. at 788; *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004).
[36] *Shepherd v. Comptroller of Public Accounts of State of Tex.*, 168 F.3d 871, 872 (5th Cir. 1999).

workers lack the severity and pervasiveness to create an objectively hostile or abusive work environment.[37]

Considering that Morris has failed to demonstrate the pervasiveness and severity of harassment necessary to raise a genuine dispute as to the existence of a hostile work environment, her co-worker sexual harassment hostile work environment claim shall be dismissed.[38]

## III. CONCLUSION

For the foregoing reasons, Deborah Morris' Title VII and state law claims of co-worker sexual harassment hostile work environment are hereby dismissed with prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 19th day of June, 2018.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] The Court further notes that Morris' unsubstantiated argument that she "experienced some form of discriminatory conduct or harassment almost on a daily basis during the six years she spent under Sergeant Jackson's supervision," cannot defeat summary judgment on this particular element. Doc. 55, p. 5. *See*, *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence"); *Brown v. City of Houston*, 337 F.3d 539, 547 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat summary judgment.").

[38] Based on the Court's finding, it need not reach a determination as to whether Plaintiff can establish the fifth element, or whether her employer knew or should have known of the harassment and failed to take prompt remedial action, necessary for her sexual harassment hostile work environment claim.

Document Number: 46476